IN UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No.** |
| | ) | |
| v. | ) | _____ |
| | ) | |
| CLYDE INDUSTRIES INC., | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff Christopher Shaw ("Mr. Shaw" or "Plaintiff") and brings this *Complaint*, pursuant to The Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* ("USERRA") against Clyde Industries Inc. ("Defendant").

### JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over this matter, which arises under federal law. 28 U.S.C. § 1331.

2.

Venue is proper in this Court because the violations of Plaintiff's rights alleged herein were committed in this district and division.

**PARTIES**

3.

Mr. Shaw is a citizen of the United States of America who submits himself to the jurisdiction of this Court.

4.

Defendant is an employer that conducts business in the State of Georgia.

5.

Defendant may be served with the summons and complaint by personal service on its registered agent, Slawek Horodyski, whose office is located at 4015 Presidential Parkway, Atlanta, Georgia 30340. This Court has personal jurisdiction over Defendant.

**FACTUAL ALLEGATIONS**

6.

Mr. Shaw began working for Defendant on March 14, 2022, as an International Logistics Coordinator.

7.

Mr. Shaw is a Second Lieutenant in the United States Army Reserve ("USAR").

8.

In or around late May 2022, Mr. Shaw received orders to report for annual training with the USAR from June 13, 2022 to June 26, 2022.

9.

Mr. Shaw immediately informed Logistics Manager Debby Smith of his orders, and he physically handed her the documentation he had received from the USAR.

10.

Ms. Smith appeared to be angry upon hearing this news, and she claimed that she did not know that Mr. Shaw was a member of the USAR.

11.

Mr. Shaw was concerned about Ms. Smith's response, so he sent an email to Jessica Dixon in Human Resources informing her that he had received orders and objecting to Ms. Smith's behavior.

12.

Mr. Shaw later spoke with Ms. Dixon in person and again reiterated his need for leave for his upcoming military service.

13.

In late April 2022, Mr. Shaw was informed that he needed to obtain an annual dental exam, as required by the USAR.

14.

Mr. Shaw therefore scheduled and attended an appointment with his dentist in early May 2022 and learned that he would need a root canal and two crowns.

15.

Mr. Shaw's dental appointments to manage these concerns spanned from mid-May through mid-July 2022.

16.

Mr. Shaw gave Ms. Smith advanced warning and requested time off for each of his dental appointments.

17.

Additionally, Mr. Shaw informed Ms. Smith that his dentist appointments were needed to comply with his obligations to the USAR.

18.

Ms. Smith repeatedly expressed her frustration to Mr. Shaw about his need to take time off for dental procedures.

19.

Mr. Shaw took leave for USAR annual training from June 13, 2022 through June 26, 2022.

20.

Mr. Shaw was terminated immediately upon his return from military service on June 27, 2022, purportedly because he was "not a good fit."

21.

Mr. Shaw had received no disciplinary actions during his employment.

**SUBSTANTIVE CLAIM**

22.

By this reference, Plaintiff incorporates his factual allegations as if fully set forth herein.

17.

38 U.S.C. § 4301, *et seq.* prohibits discrimination and retaliation against employees who are obligated to serve in the uniformed services; have applied for membership in the uniformed services; or who are a past or present member of the uniformed services.

5

18.

Defendant violated 38 U.S.C. § 4301, *et seq.* by terminating Mr. Shaw's employment because of, in whole or in part, his service in the uniformed services.

19.

Defendant's violations of 38 U.S.C. § 4301, *et seq.* were willful, knowing, and malicious.

21.

Defendant is liable for all damages resulting from its violations of USERRA, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a)      That a trial by jury be had on all issues for which a jury trial is permitted under law;

b)      That damages be awarded against Defendant to compensate the Plaintiff for the injuries suffered as a consequence of Defendant's actions in an amount to be determined by the enlightened conscious of the jury;

c)      That attorney's fees and expenses of litigation be awarded to Plaintiff;

d)      That pre-judgment and post-judgment interest be awarded; and

e)     That the Court award such other equitable or monetary relief as the

Court deems just and proper.


Respectfully submitted, this 13th day of September, 2022.

/s/ Zachary Panter
Zachary Panter
Georgia Bar No. 822012
James Radford
Georgia Bar No. 108007
Counsel for Plaintiff

RADFORD & KEEBAUGH
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0308
zachary@decaturlegal.com
james@deacturlegal.com